IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOROTHY A. KEELER and LEO J. KEELER,<br><br>        Plaintiffs,<br><br>    v.<br><br>CRISTAUX INC.<br><br>        Defendant. | Case No.: |

## COMPLAINT AND JURY DEMAND

Plaintiffs, Leo J. Keeler and Dorothy A. Keeler ("Plaintiffs"), by their undersigned attorneys, Duane Morris LLP, for their Complaint allege as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. § § 106 and 501 *et seq*. Plaintiffs seek compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff Dorothy A. Keeler is an individual doing business as Wilderness Inspirations, with an office address at P.O. Box 433, 3 Aquila Lane, Emigrant, Montana 59027.

3. Plaintiff Leo J. Keeler is an individual doing business as Wilderness Inspirations, with an office address at P.O. Box 433, 3 Aquila Lane, Emigrant, Montana 59027.

4. Upon information and belief, defendant Cristaux Inc. ("Defendant") is a company with a principal place of business at 1343 Brummel Avenue, Elk Grove Village, IL 60007.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this District and committing torts in this State, including without limitation Defendant's copyright infringement, which causes harm in this State and in this District.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.** **Plaintiffs' Business**

8. Plaintiffs are professional photographers in Montana and, through their business Wilderness Inspirations, create and license photographic images for various uses.

9. Plaintiffs have established a significant and valuable reputation through the success of their many works. For example, Plaintiffs' work has been featured in a national advertisement campaign that was published in *National Geographic*, *New York Times*, *Washington Post*, *Wall Street Journal*, *Newsweek*, and *Sports Illustrated*, among other major publications. Together, Plaintiffs have served as wildlife consultants for several filmmakers, and they have been featured on programs produced by the likes of ESPN, BBC, and the Travel Channel.

10. Plaintiffs' passion for their work extends to the subjects of their photography, as they have played instrumental roles in non-profit endeavors to protect vulnerable wildlife.

11. Plaintiffs have received many accolades for their artistically and ethically commendable work. For example, in February 2000, Plaintiffs received the Ginny Hill Wood Award from the Alaska Wilderness Recreation & Tourism Association. In June 2003, they received the Daniel Housberg Wilderness Image Award for Excellence in Still Photography from the Alaska Conservation Foundation. Perhaps most significantly, in October 2005 Plaintiffs were selected as two of the forty founding members of the International League of Conservation Photographers. The forty founding members are known as some of our generation's most renowned wildlife photographers, and the Plaintiffs' selection establishes their place among the best of their profession.

12. Among the many breathtaking wildlife photographs taken by the Plaintiffs, Plaintiffs are the original authors of a photographic image of an American bald eagle at issue in this case (the "Copyrighted Work") and the exclusive owners of the copyrights in and to the Copyrighted Work. Attached hereto as **Exhibit A** is a copy of the Copyrighted Work.

13. Plaintiffs have obtained the following registration with the United States Copyright Office for the Copyright Work: VA0000884197. Attached hereto as **Exhibit B** is a copy of the registration with the United States Copyright Office of the Copyrighted Work.

14. Plaintiffs own all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

B. **Defendant's Unlawful Activities**

15. Upon information and belief, Defendant owns and operates the websites located at the URL http://www. cristaux.com where it sells, among other items, customized award plaques.

16. In April of 2015, Plaintiffs discovered instances in which Defendant was infringing Plaintiffs' exclusive copyrights in the Copyrighted Work by reproducing, distributing,

and publicly displaying the Copyrighted Work to sell customized award plagues at websites located at the following URLs:

- http://www.cristaux.com/shop/corporate-awards/plaques/oakleigh-sublimation-plaque-rosewood-3.html; and
- http://www. cristaux.com/shop/corporate-awards/plaques.html?limit=all.

17. Defendant's reproduction, distribution, and public display of the Copyrighted Work is without Plaintiffs' permission. Copies of screenshots demonstrating Defendant's unauthorized use ("Infringing Works") are attached hereto as **Exhibit C**.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq*.)

18. Plaintiffs reallege paragraphs 1 through 17 above and incorporate them by reference as if fully set forth herein.

19. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiffs jointly and exclusively own all rights, title and interest in and to the copyrights in the Copyrighted Work.

20. Upon information and belief, as a result of Plaintiffs' reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Works.

21. By its actions, as alleged above, Defendant has infringed and violated Plaintiffs' exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501 *et seq*., by reproducing, distributing and publicly displaying the Infringing Works.

22. Upon information and belief, Defendant's infringement of Plaintiffs' copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiffs.

4

23. As a direct and proximate result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights in the Copyrighted Work, Plaintiffs are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each infringing reproduction, each infringing distribution, and each infringing public display, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Plaintiffs' election, pursuant to 17 U.S.C. § 504(b), Plaintiffs shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement, which amounts will be proven at trial.

24. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

25. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiffs, unless enjoined by this Court. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs' are entitled to a permanent injunction prohibiting infringement of Plaintiffs' exclusive rights under copyright law.

WHEREFORE, Plaintiffs demand judgment as follows:

1. A declaration that Defendant has infringed Plaintiffs' copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all items sold by Defendant that display the Copyrighted Work, or any portion of the Copyrighted Work;

4. Awarding Plaintiffs all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiffs so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c) and

1203(c)(3)(B), including damages for willful infringement of up to $150,000 for each copyright infringement;

5. Awarding Plaintiffs such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

6. Awarding Plaintiffs their costs and disbursements incurred in this action, including their reasonable attorneys' fees, as provided in 17 U.S.C. § § 505;

7. Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiffs' copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiffs' Copyrighted Work or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

**LEO J. KEELER and DOROTHY A. KEELER**

By: /s/ *Elinor Hart Murárová*

R. Terry Parker
(prospective *pro hac vice*)
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
T: (212) 692-1000; F: (212) 692-1020
Email: TParker@duanemorris.com

Elinor Hart Murárová (ARDC # 6306119)
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
T: (312) 499-6784; F: (312) 277-2389
Email: ehart@duanemorris.com